IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**COMMUNITY ASSOCIATION** :
**UNDERWRITERS OF AMERICA,** :
**INC. A/S/O PARK VIEW AT** :
**WAVERLY, A CONDOMINIUM,** :    CIVIL NO. 1:09-CV-0257
                                :
**Plaintiff** :
                                :
v.                              :
                                :
**RHODES DEVELOPMENT GROUP,** :  Judge Sylvia H. Rambo
**INC. A/K/A RHODES** :
**DEVELOPMENT CORP. A/K/A R&L** :
**CONSTRUCTION COMPANY,** :
**ADAMS DRYWALL, and PEDRO** :
**YAHUITL QUINTERO,** :
                                :
**Defendants** :

# M E M O R A N D U M

Presently before the court is Plaintiff's motion for leave to amend its complaint to dismiss claims under breach of contract. (Doc 76.) The motion has been briefed and is ripe for disposition. For the reasons that follow, the court will grant the motion.

**I.       Background**

This case involves a subrogation claim filed by Community Association Underwriters of America, Inc. ("CAUA"), wherein CAUA seeks to recover payments made to Park View at Waverly Condominiums ("Park View") as a result of a fire that occurred on March 4, 2008. Plaintiff seeks recovery based on claims of

negligence and breach of contract.[1]  Presently before the court are several summary judgment motions that are ripe for disposition.  Defendants filed two separate but nearly identical motions seeking summary judgment on the ground of spoliation of evidence in connection with alleged tampering with the fire scene during the demolition process.  (Docs. 43, 50.)  Defendants also filed a joint motion for summary judgment claiming that Plaintiff's expert's report is deficient because it fails to state the basis for the expert's opinion as required under Federal Rule of Civil Procedure 26 (a)(2)(B).  (Doc. 45.)

On January 31, 2011, the court granted the parties' joint motion for an extension of the dispositive motion deadline.  On February 14, 2011, Defendants filed a joint motion for summary judgment based on a waiver of subrogation clause contained in an "AIA" contract ("construction contract") between Waverly Woods Associates ("Waverly Woods"), the original owner and developer of the condominium complex, and Defendant R & L Construction Company ("R&L").  (Doc. 67.)  That motion is also ripe for disposition.

In Defendants' motion for summary judgment based upon waiver of subrogation, Defendants assert that Park View is a third-party beneficiary of the construction contract and thus "is entitled to the rights and subject to the defenses contained in the contract." (Doc. 67, ¶ 13.)  In support of this argument, Defendants rely on Plaintiff's assertions in the complaint stating that Park View is a third-party

---

[1] On February 9, 2009, Plaintiff filed a complaint against Defendants R&L, Adams Drywall, Pedro Quintero and Alan Barb.  Defendant Barb was later dismissed by stipulation.  (Doc. 42.) Plaintiff failed to serve Defendant Quintero, however, and therefore a separate complaint was filed solely against Defendant Quintero on December 10, 2009, also alleging negligence and breach of contract.  This court granted consolidation on February 16, 2010.  (Doc. 39.)  For simplicity, any reference in this memorandum to the "original complaint" refers to the February 9, 2009 complaint.

beneficiary of the construction contract between Waverly Woods and R&L, of the subcontract between R&L and Adams, and of the sub-subcontracts between Adams and Alan Barb and Pedro Quintero. (Doc. 67, ¶ 10.)

In its motion for leave to amend its complaint, Plaintiff seeks to withdraw the breach of contract claim and proceed only on the negligence claim. Plaintiff also intends to delete any language claiming that Park View is a third-party beneficiary to any agreement between any other parties or non-parties to this action. For the reasons that follow, the court will grant the motion and permit Plaintiff to amend its complaint accordingly.

## II.        Legal Standard

Once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to grant or deny the motion is within the district court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Mere delay will not warrant the denial of a motion for leave to amend "absent a concomitant showing of undue prejudice or bad faith." *Zygmuntowicz v. Hospitality Invs., Inc.*, 151 F.R.D. 53, 55 (E.D. Pa. 1993).

Prejudice has been defined as "undue difficulty in prosecuting a position as a result of a change in tactics or theories." *Id*. "Amendment of the

complaint is futile if the amendment would not cure the deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

In sum, in considering a motion for leave to amend, the court must weigh the prejudice to the non-moving party against the harm to the movant if leave is not granted. 3 James Wm. Moore et al., Moore's Federal Practice § 15.15. The court should also consider judicial economy and the impact an amendment to the complaint would have on the court's management of the case. *Id*.

**III.** **Discussion**

In its brief in support of its motion for leave to amend, Plaintiff concedes that Waverly Woods, the original owner of the condominium complex, entered into a standard AIA contract with R&L to build several condominiums and that the contract incorporates by reference general conditions including a waiver of subrogation clause that is applicable to Waverly Woods. (Doc. 77 at 2.) However, Plaintiff notes that on May 24, 2007, Waverly Woods signed a Declaration of Condominium that created the present subrogor, Park View, and transferred the property to this new entity.[2] (*Id*.) Accordingly, Plaintiff argues that Waverly Woods has never been insured by CAUA and further notes that Waverly Woods is not a party to this suit. (*Id.*) Plaintiff asserts that Park View was not even in possession of the construction contract until it was produced during discovery. (*Id.*) In short, Plaintiff seeks to withdraw its breach of contract claims arguing, in essence, that the

---

[2] According to Defendants, this transfer occurred pursuant to and in accordance with the Pennsylvania Uniform Condominium Act, 68 Pa. C.S.A. § 3101, *et seq.* (Defs.' Joint Motion for Summary Judgment Based Upon Waiver of Subrogation, Doc. 68, ¶ 9.)

4

contract is only applicable between Defendants and a non-party, Waverly Woods, and does not implicate either CAUA or Park View.

Defendant Quintero filed a brief in opposition to Plaintiff's motion for leave to amend.[3] Defendant Quintero believes that Plaintiff, by amending the complaint in such a manner, is merely trying to distance itself from the construction contract, thus making irrelevant the waiver of subrogation clause that forms the basis of the defense asserted in Defendants' joint motion for summary judgment. Defendant states:

> [I]t is of some concern to the Defendants that if the breach of contract claims are permitted to be withdrawn, Plaintiff will then argue in response to Defendants' Motion that the AIA Contract between Waverly Woods Associates and R&L Construction is no longer a matter of consideration and, therefore, the waiver of subrogation issue is no longer viable as a defense, thereby potentially eviscerating the basis for the joint defense motion.

(Doc. 86 at 3.) In essence, Defendant Quintero is arguing that he will suffer undue prejudice should the court permit Plaintiff to amend its original complaint. Such concerns, however, are unwarranted.

As stated, Defendants argue in the underlying motion for summary judgment based upon waiver of subrogation, that "a third party beneficiary's rights are . . . subject to any defense that would be available to the promisor where it is being sued on the same contract by the promisee." (Doc. 68 at 12) (citing *United States v. Industrial Crane and Manuf. Corp.*, 492 F.2d 772 (5th Cir. 1974); *Int'l Brotherhood of Elec. Workers Local Union No. 308 v. Days Elec. Serv., Inc*, 382 F. Supp. 427 (D. Fla. 1974); *General Accident Ins. Co. v. Parker*, 665 A.2d 503 (Pa.

---

[3] Defendants R&L and Adams Drywall did not respond to Plaintiff's Motion for Leave to Amend its Complaint.

Super. 1995); Restatement (2d) of Contracts, 309, § Comment b.)  Thus, the argument goes, Park View, as a third-party beneficiary to the construction contract, is subject to all defenses applicable to Waverly Woods, including the waiver of subrogation defense.  In labeling Park View a "third-party beneficiary" under the construction contract, Defendants rely on several statements in Plaintiff's complaint indicating that Park View is a third-party beneficiary to an "agreement between Rhodes and some other entity." (Compl., ¶ 12).[4]  Defendants argue in their joint motion for summary judgment that these statements constitute judicial admissions to which Plaintiff is bound.  (Doc. 68 at 10) (citing *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir.

---

[4] Specifically, the complaint states:

12. [P]ursuant to an agreement between Rhodes and some other entity of which Park View was a third party-beneficiary, Rhodes was hired as a general contractor for the construction of Park View Condominiums . . . .

13. Prior to March 4, 2008, Rhodes contracted with Adams for drywall installation at the subject property; Park View was a third-party beneficiary of this contract.

14. Adams subcontracted with Quintero and Barb for installation of drywall at the subject property; Park View was a third-party beneficiary of this contract.

\*\*\*

22. As stated above, Park View was a third-party beneficiary of an agreement between Rhodes and some other entity, wherein Rhodes was hired as the general contractor of the Park View.  CAU is not in possession of said contract, but believes Rhodes is in a superior position to be in possession of same anyway.

(Compl., ¶¶ 12-14, 22.)  Although the original complaint does not specifically refer to the AIA contract between Waverly Woods and R&L, there does not appear to be any dispute that the contract referenced in complaint is the AIA contract at issue here because Plaintiff's proposed amended language reads "Pursuant to an agreement between R&L and non-party Waverly Woods Associates . . ." instead of "Pursuant to an agreement between Rhodes and some other entity of which Park View was a third party-beneficiary. . . ." (*See* Doc. 77, Ex. E, ¶ 12.)

2003); *Koger v. Robert Half Int'l*, 2007 U.S. Dist. LEXIS 21214 (W.D. Pa. March 7, 2007); *Travelers Indemnity Co. v. Engel*, 1994 U.S. Dist. LEXIS 10539 (E.D. Pa. Aug. 1, 1994)).  This is precisely the language that Plaintiff seeks to delete from its original complaint.[5]

It is well-established that leave to amend should freely be given absent any evidence of undue prejudice or bad faith.  Although Defendants suggest that Plaintiff has an ulterior motive for amending the complaint, Defendants do not specifically argue bad faith on the part of Plaintiff or submit any evidence thereto.  Thus, the remaining question is whether Defendants will suffer any undue prejudice by permitting Plaintiff to amend its complaint.

Defendant is correct that allegations plead by Plaintiff in the original complaint constitute judicial admissions, however Plaintiff is not prevented from amending these admissions.  *Gerlach v. Volvo Cars of North America*, 1997 U.S. Dist. LEXIS 3097 (E.D. Pa. March 17, 1997).  That said, "when leave to amend is granted, the allegations in the original pleading continue to constitute binding judicial admissions of a party."  *Id.* at *10, n.2.  "Even after it has been superseded, an original pleading may be entered into evidence and used to establish an admission."  *Id.* (citing Federal Rule of Evidence 801(d); *Johnson v. Goldstein*, 864 F. Supp. 490 (E.D. Pa. 1994)(stating that "a party may offer so-called 'abandoned pleadings' into evidence, so long as the other side has an adequate opportunity to explain the pleading" because abandoned pleadings are admissible as an admission of a party opponent under Federal Rule of Evidence 801(d)), *aff'd* 66 F.3d 311 (3d

---

[5] In accordance with Local Rule 15.1, Plaintiff attached to its memorandum of law a copy of the original pleadings in which stricken material has been lined through (Doc. 77, Ex. E) and a copy of the proposed amended complaint (Doc. 77, Ex. F.).

Cir. 1995). Moreover, "it has been recognized as an abuse of discretion for a court to deny the entry of a prior pleading into evidence." *Gerlach*, at \*10, n.2 (referencing *Andrews v. Metro North Commuter R.R. Co.,* 882 F.2d 705 (2d Cir. 1989)). Accordingly, Defendants concern that amending the complaint would "eviscerat[e] the basis for the joint defense motion" is unfounded because, notwithstanding the filing of an amended complaint, Defendants are free to introduce any admissions in the original pleading. Thus, the court finds that Defendants will suffer no undue prejudice on this basis.

Defendants also note that the motion for summary judgment based upon waiver of subrogation "has been briefed to the fullest extent permitted by local rules and is now ripe for disposition by this Court." (Doc. 86 at 3.) To the extent that Defendants are arguing that Plaintiff's motion is causing undue delay, the court notes that "mere delay alone provides an insufficient basis for denying leave to amend a complaint, unless the delay unduly prejudices the nonmovant." *Gerlach,* at \*15 (citing *Kiser v. Gen. Elec. Co.*, 831 F.2d 423, 427-28 (3d Cir. 1987); *Cornell & Co v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). The possibility of prejudice is exceptionally low where, as here, Plaintiff is seeking to *withdraw* allegations. *See Smith, Kline & French Labs v. A.H.Robins Co.*, 61 F.R.D. 24, 28 (E.D. Pa. 1973) (stating that any "burden of answering the amended complaint may be less than that of answering the original complaint, particularly when . . . a complex issue will be withdrawn from the case by the amendment sought here.") Thus, the court finds that allowing Plaintiff to amend its complaint as proposed will not cause undue prejudice or delay in these proceedings.

**IV.** **Conclusion**

      Defendants have failed to show that permitting Plaintiff to file an amended complaint would cause undue prejudice or delay or that the motion was filed in bad faith. Absent such showings, the court is required to freely grant leave to amend a pleading when justice so requires. Accordingly, Plaintiff's motion for leave to amend its complaint is granted. The court will issue an appropriate order.

                                                    S/SYLVIA H. RAMBO
                                                    United States District Judge

Dated: April 13, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC. A/S/O PARK VIEW AT WAVERLY, A CONDOMINIUM,** : <br> : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **RHODES DEVELOPMENT GROUP, INC. A/K/A RHODES DEVELOPMENT CORP. A/KA/ R&L CONSTRUCTION COMPANY, ADAMS DRYWALL, and PEDRO YAHUITL QUINTERO,** : <br> : <br> **Defendants** : | CIVIL NO. 1:09-CV-0257 <br><br><br> Judge Sylvia H. Rambo |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED** as follows**:**

1. Plaintiff's Motion for Leave to Amend Its Complaint To Dismiss Claims Under Breach of Contract (Doc. 76) is **GRANTED.**

2. In accordance with Local Rule 15.1, the clerk is directed to file the amended complaint attached to Plaintiff's memorandum of law in support of its Motion for Leave to Amend Its Complaint. (Doc. 77, Ex. F.)

3. Defendants shall file a responsive pleading in accordance with Federal Rule of Civil Procedure 15(a)(3).

4. By April 27, 2011, Defendants shall either file an amended motion for summary judgment, or stand on the currently filed motion.

   5. If Defendants file an amended motion for summary judgment, Plaintiff shall file a responsive brief by May 10, 2011.

              <u>S/SYLVIA H. RAMBO</u>
              United States District Judge

Dated: April 13, 2011.