IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC. A/S/O PARK VIEW AT WAVERLY, A CONDOMINIUM C/O PMI MANAGEMENT,** | **CIVIL NO. 1:09-CV-0257** |
| **Plaintiff** | |
| v. | |
| **RHODES DEVELOPMENT GROUP, INC. A/K/A RHODES DEVELOPMENT CORP. A/KA/ R&L CONSTRUCTION COMPANY, ADAMS DRYWALL, and PEDRO YAHUITL QUINTERO,** | **Judge Sylvia H. Rambo** |
| **Defendants** | |

# **M E M O R A N D U M**

This case involves a subrogation claim filed by Community Association Underwriters of America, Inc. ("CAUA"), wherein CAUA seeks to recover payments made to Park View at Waverly, a Condominium ("Park View") as a result of a fire that occurred on March 4, 2008. Presently before the court is a dispute that arose as a result of Plaintiff's untimely submission of an expert report. During a conference call with the parties, Defendants moved the court to deem the expert report untimely and inadmissible. The court will interpret Defendants' oral request as a motion to strike the report as untimely. For the following reasons, the court will deny the motion.

## **I.      Background**

The original deadline for submission of Plaintiff's expert reports was July 30, 2010. (*See* Doc. 31.)  On July 1, 2010, the court granted a joint motion to

extend case management deadlines, establishing September 15, 2010, as the deadline for submission of Plaintiff's expert reports. (Doc. 41.) In accordance with that order, Plaintiff submitted two timely reports, one authored by Michael E. Wald and Raymond Sofield, dated September 7, 2010 ("Wald/Sofield Report"), and one authored by Bradley A. Schriver, dated September 14, 2010 ("Schriver Report"). The Wald/Sofield Report eliminates electrical malfunctions as a possible source of the fire, and concludes that the improper use of a propane heater was the likely source of ignition. The Schriver report comes to the same conclusion. Specifically, the Wald/Sofield report states:

> The evidence is thus quite clear that there is no possibility that this fire was caused by any electrical malfunctions or failures. None of the wiring within the walls or electrical devices anywhere near the origin area of this fire were even energized and thus could not cause a fire under any circumstances. The gas-fired portable heater remains the only identified source of ignition for this fire. Improper use of a portable heater is a well known and well recognized cause of fires in construction settings.

Likewise, the Schriver report concludes:

> [B]ased on the scene examination and information learned during the course of the investigation, it is the opinion of this investigator that the cause of the fire was attributed to the improper use of the propane-fired portable heater that was left energized overnight for the curing of drywall on the first floor level of 417 Parkview Drive.

Following the expiration of Plaintiff's expert report deadline in September 2010, numerous summary judgment motions and briefs were field. (*See* Docs. 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 67, 68, 69, 73, & 74). On April 13, 2011, the court granted Plaintiff's motion for leave to file an amended complaint. (Doc. 89.) That same day, Plaintiff filed an amended complaint that set forth two counts, both sounding in negligence. (Doc. 90.) The court once again

2

entertained summary judgment motions and briefing. (*See* Docs. 95, 96, 98, 101, & 103.) On July 29, 2011, the court granted Defendants' motion for summary judgment based upon a waiver of subrogation and entered judgment in favor of Defendants. (Docs. 104 & 105.) Plaintiff appealed, and on July 12, 2012, the Third Circuit Court of Appeals vacated this court's grant of summary judgment and remanded the case for further proceedings. (Doc. 109.) On remand, Defendants indicated they wished the court to proceed with the previously filed motions for summary judgment based on a deficient expert report and spoliation of the fire scene. (Docs. 112, 113 & 115.) On March 5, 2013, the court denied those motions, and set the remaining case management deadlines. (Docs. 117 & 118.) Any deadlines that previously expired, including expert discovery and report deadlines, were not extended. At present, the case management deadlines are as follows:

      Motions in Limine & Supporting Briefs     July 8, 2013

      Motions in Limine Response     July 18, 2013

      Motions in Limine Reply     July 25, 2013

      Pretrial submissions     August 8, 2013

      Pretrial conference     August 16, 2013

      Jury selection/Trial     September 9, 2013

(Docs. 121, 122 & 124.)

Plaintiff, on July 4, 2013, submitted to Defendants another expert report authored by Michael Wald ("July 4 Report" or "Report"). This Report was submitted just over two months before trial, and almost three years after the expiration of Plaintiff's expert report deadline. Consistent with the Sofield/Wald and Schriver Reports, the three-page Report concludes that "this fire was caused by the

3

careless and improper use of the subject heater in violation of accepted Industry Codes and Standards." However, unlike the prior reports, the July 4 Report expounds on this conclusion, citing violations of various regulations and codes, including Pennsylvania Fire Code § 1403.6, OSHA regulation § 1926.154(b)(3), and National Fuel Gas Code 54, as evidence of improper use of the subject heater. The report also cites to safety instructions in the Owner's Manual, and explains precisely how, in Wald's opinion, Defendants were noncompliant with those instructions.

**II.         Discussion**

Defendants have requested that the court strike the July 4 Report as untimely. Federal Rule of Civil Procedure 37 allows the court to strike a supplemental expert report as untimely if the report failed to comport with a discovery order, or if the report was not appropriately supplemented in accordance with Federal Rule of Civil Procedure 26, which requires a party to supplement incomplete expert reports by the time a party's pre-trial disclosures are due. Fed. R. Civ. P. 37 (b & c); Fed. R. Civ. P. 26 (e)(2); *see also* Fed. R. Civ. P. 16(f). Here, there is no question that the Report is in violation of this court's July 1, 2010 case management order establishing September 15, 2010, as the deadline for disclosure of Plaintiff's expert reports. On the conference call, Plaintiff's counsel admitted that the report is untimely, but nevertheless opposed Defendants' motion to strike, arguing that the report is merely supplemental to the Sofield/Wald and Schriver Reports, and the amount of prejudice to be incurred by Defendants is minimal.

The determination of whether to exclude evidence is committed to the court's discretion. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 749 (3d Cir.

1994). However, the Third Circuit has noted that "the exclusion of critical evidence [for violating a discovery order] is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence.'" *Id.* at 791-92 (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977)); *see also In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999). The Third Circuit has identified several factors for the court to consider in deciding whether to exclude evidence, including: (1) the importance of the evidence in question; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the possibility of curing the prejudice; (4) the likelihood of disruption of trial; (5) the explanation of the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence. *See Meyers*, 559 F.2d at 904-05; *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 718 (3d Cir. 1997); *see also Vaskas v. Kenworth Truck Co.*, 2013 U.S. Dist. LEXIS 41065, *9 (M.D. Pa. Mar. 25, 2013).

Upon consideration of these factors, the court will deny Defendants' motion to strike. Initially, the court notes that disclosure of the Report at this late juncture constitutes a blatant violation of the court's case management order. The court must emphasize that pretrial orders play an important role in controlling the course of litigation, and adherence to those orders is essential to the orderly disposition of cases. Nor is the court fully satisfied with Plaintiff's counsel's explanation that, following the expiration of the Plaintiff's expert report deadlines, the parties' attention was placed on summary judgment. While it is true that numerous summary judgment motions were filed at that time, that is no excuse for missing deadlines, failing to request reasonable extensions, or failing to submit

complete expert reports. Moreover, by accepting the July 4 Report, the court will almost certainly need to continue the trial date, currently scheduled to commence in less than two months. These factors favor exclusion. However, this court has long adhered to the principle that litigants should not be held responsible for their counsel's disregard of orders in instances where the exclusion of evidence would produce an "unduly harsh" outcome. *See In re TMI Litig.*, 922 F. Supp. 997, 1007 (M.D. Pa. 1996), *aff'd in relevant part by*, 193 F.3d 613, 721 (3d Cir. 1999). Moreover, as explained below, the remaining factors militate against exclusion.

As to the first factor, the court finds that the July 4 Report is important to Plaintiff's case. Plaintiff's sole cause of action against Defendants is negligence. As such, Plaintiff will be tasked with proving causation by showing that Defendants' negligent use of the propane heater caused the fire. Although both the Wald/Sofield and Schriver Reports conclude that Defendants' improper use of the propane heater ignited the fire, neither report explains in any detail precisely how the heater was improperly utilized. An expert report must contain "a complete statement of all opinions the expert will express," Fed. R. Civ. P. 26 (a)(2)(B)(i), although courts generally do not require verbatim consistency between an expert's testimony and an expert report, *see, e.g., nCUBE Corp. v. SeaChange Int'l, Inc.*, 809 F. Supp. 2d 337, 347 (D. Del. 2011). Accordingly, with the exception of reasonable elaboration, any expert will be precluded from testifying beyond the scope of his or her expert report. Exclusion of the July 4 Report, therefore, will likely preclude testimony from Wald as to the details regarding Defendants' alleged misuse of the heater, a limitation which may significantly affect Plaintiff's ability to prove causation.

The court finds that accepting the Report at this juncture will result in, at most, only minimal prejudice to Defendants. The July 4 Report does not contain new opinions not disclosed in prior reports; rather, the Report merely elaborates upon the conclusion previously stated in prior reports. Although the Report contains new information regarding the alleged improper use of the heater, the court finds that the new information is neither copious nor technical. Indeed, the Report consists of only three pages, and only one page is dedicated to "discussion" and "conclusion." The Report does not attach any exhibits or appendices. Significantly, to the extent Defendants will be prejudiced by the belated disclosure of the Report, such prejudice can be cured by a reasonable extension of time to respond. While this will likely result in a short continuance of the trial date, the parties will not suffer any appreciable prejudice as a result of that delay. The procedural history of this case is lengthy, and rushing to trial at this point at the expense of potentially critical evidence would be a disservice to the efforts of counsel and the court. Moreover, prejudice can be further minimized by permitting Defendants to depose Wald. On the conference call, counsel represented to the court that Wald would be available to be deposed on July 19, 2013. The court will permit that deposition, and will allow Defendants the opportunity to submit a supplemental response to the July 4 Report. The court does not believe that any other deposition discovery is necessary to prepare a response to the July 4 Report.

Finally, notwithstanding the court's displeasure with the untimely production of the Report, and dissatisfaction with Plaintiff's explanation given in support thereof, the court does not detect any bad faith on the part of Plaintiff. Indeed, Plaintiff readily admits that the Report is untimely, but nevertheless seeks the

court's indulgence in light of the above considerations. The court finds that, at worst, Plaintiff's counsel was neglectful in assuring that the previously submitted reports contained a complete statement of the opinions of the expert, as required under the Federal Rules of Civil Procedure.

**III.    Conclusion**

In short, the court will deny Defendants' motion to strike the July 4 Report based on the application of the above factors. The parties are instructed to confer and, if practicable, provide the court with a joint proposed deadline for Defendants' submission of a supplemental response to the July 4 Report, which may include a supplemental expert report or a motion in limine. Any proposed deadline shall account for the least amount of time necessary to respond to the July 4 Report, so that this case may proceed in a timely manner. An appropriate order will issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated: July 11, 2013.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC. A/S/O PARK VIEW AT WAVERLY, A CONDOMINIUM C/O PMI MANAGEMENT, <br><br> **Plaintiff** <br><br> v. <br><br> RHODES DEVELOPMENT GROUP, INC. A/K/A RHODES DEVELOPMENT CORP. A/KA/ R&L CONSTRUCTION COMPANY, ADAMS DRYWALL, and PEDRO YAHUITL QUINTERO, <br><br> **Defendants** | CIVIL NO. 1:09-CV-0257 <br><br><br><br><br><br> **Judge Sylvia H. Rambo** |

## **O R D E R**

In accordance with the accompanying memorandum, it is **HEREBY ORDERED** as follows:

1. Defendants' oral motion to strike Plaintiff's July 4 Report is **DENIED**;

2. The remaining case management deadlines, including trial, are **STAYED**;

3. By July 19, 2013, the parties shall file a status report with the court with a proposed deadline for Defendants' response to Plaintiff's July 4 Report. Upon the court's approval of that deadline, the court will set the remaining pre-trial deadlines and set a trial date.

4. The parties shall also indicate in the status report their intention to stand on, withdraw, or amend any of the currently pending motions in limine in light of this order.

                                                                  s/Sylvia H. Rambo
                                                                 United States District Judge

Dated: July 11, 2013.